```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION


RONNY CROOK,

                Plaintiff,

v.                                       Case No. 3:05-cv-396-J-16MCR

CLASSIFICATION OFFICER DUKES,

                Defendant.
_____
```

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Ronny Crook, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a "Title II of the Americans with Disabilities Act/Section 504 of the Rehabilitation Act of 1973 Discrimination Complaint Form" (Doc. #1) (hereinafter Complaint) in the United States District Court for the Northern District of Florida on October 15, 2004.  Plaintiff filed an Amended Complaint (Doc. #3) on November 12, 2004.  The case was transferred to this Court on May 3, 2005, for further proceedings.

In the Amended Complaint (Doc. #3), Plaintiff names Classification Officer Dukes as the only Defendant and claims he has a back brace, knee brace and hand brace and prefers to work as a houseman rather than on the inside grounds.  It is unclear what relief Plaintiff is seeking; however, it appears he wants a job assignment as a houseman.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of

Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
> > (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources,

2

> since the complaining party may be
> successful in vindicating rights in
> the administrative process and the
> courts may never have to intervene;
> (6) to give the agency a chance to
> discover and correct its own errors;
> and (7) to avoid the possibility
> that "frequent and deliberate
> flouting of the administrative
> processes could weaken the
> effectiveness of an agency by
> encouraging people to ignore its
> procedures."
>
> 159 F.3d at 1327 (quoting Kobleur v. Group
> Hospitalization & Medical Services, Inc., 954
> F.2d 705 (11th Cir. 1992)). Each one of those
> policies is furthered by reading § 1997e(a) to
> require that a prisoner provide with his
> grievance all relevant information reasonably
> available to him.

Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide.  It does not require him to provide information he cannot reasonably obtain[.]"  Id. at 1210.

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.

Here, Plaintiff has not exhausted the administrative grievance procedures with respect to his claim that he cannot perform his

3

duties as an inside grounds keeper because he has a herniated disk in his lower back. Any grievances related his environmental allergies as an inside grounds keeper are irrelevant with respect to the claim he has presented to this Court in his Amended Complaint (Doc. #3). If Plaintiff wishes to initiate a Complaint with respect to his alleged environmental allergies, he may do so on the enclosed Civil Rights Complaint Form. Because Plaintiff has not completed the administrative exhaustion process, this case will be dismissed without prejudice to allow Plaintiff to submit the grievances with respect to the claim he has presented to this Court.

In refiling, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures. As previously stated, these grievances and responses are helpful in assisting the Court with the issues presented in the Complaint. Plaintiff's case should not have been filed without first exhausting his available administrative remedies with respect to the issues presented in the Amended Complaint.

Further, Plaintiff did not pay the $250.00 filing fee or file a request to proceed *in forma pauperis* within thirty days of the commencement of the action. See Rule 1.03(e), Local Rules of the United States District Court for the Middle District of Florida; see also 28 U.S.C. §§ 1914(a), 1915(a)(1). If Plaintiff decides to initiate a new civil rights case, he must pay the $250.00 filing

4

fee or file a request to proceed *in forma pauperis* within thirty days of the commencement of the action.

Thus, for the above-stated reasons, this case will be dismissed to allow Plaintiff the opportunity to exhaust his claim.

Accordingly, it is now

**ADJUDGED:**

1. The **Clerk of the Court** shall send Plaintiff a Civil Rights Complaint form and an Affidavit of Indigency form. If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May, 2005.

JOHN H. MOORE II
United States District Judge

sc 5/5
c:
Ronny Crook

5